Lanazi v. Holder

BIA
A097 152 690

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:
> ROGER J. MINER,
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> > *Circuit Judges*.

———————————————————————

MERITA LANAZI,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR.,* UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

08-2810-ag
NAC

———————————————————————

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:          Charles Christophe, New York, New
                         York.

FOR RESPONDENT:          Gregory G. Katsas, Assistant
                         Attorney General, Barry J.
                         Pettinato, Assistant Director,
                         Kristin A. Moresi, Trial Attorney,
                         Office of Immigration Litigation,
                         Civil Division, United States
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Merita Lanazi, a native and citizen of Albania, seeks review of a May 14, 2008 order of the BIA denying her motion to reopen. *In re Merita Lanazi*, No. A097 152 690 (B.I.A. May 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review for substantial evidence the BIA's fact-finding with respect to country conditions evidence submitted with a motion to

2

reopen.  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d
Cir. 2008).

In general, a party may file only one motion to reopen
removal proceedings and must do so no later than 90 days
after the date on which the final administrative decision
was rendered in the proceeding sought to be reopened.  8
C.F.R. § 1003.2(c)(1),(2).  Lanazi's January 2008 motion to
reopen was untimely, because the BIA entered a final
administrative order dismissing her appeal in April 2006.
However, the time and number limitations do not apply to a
motion to reopen that is "based on changed circumstances
arising in the country of nationality or in the country to
which deportation has been ordered, if such evidence is
material and was not available and could not have been
discovered or presented at the previous hearing."  8 C.F.R.
§ 1003.2(c)(3)(ii).

Lanazi argues that the BIA failed properly to consider
evidence in the record.  This argument is unavailing.  While
the BIA has an obligation to consider the "record as a
whole," and may abuse its discretion by denying a motion to
reopen without addressing "all the factors relevant to [a]
petitioner's claim," *Ke Zhen Zhao v. U.S. Dep't of Justice*,

265 F.3d 83, 97 (2d Cir. 2001), it is not required to "expressly parse or refute . . . each individual . . . piece of evidence offered by the petitioner," *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted). The BIA properly considered the record as a whole. It explained that, contrary to Lanazi's assertion, "the documents she has submitted in support of her motion reflect 'forward progress in the country's democratic development,'" and that while there were some documents "mentioning isolated violent incidents during local elections," they were "not adequate to show changed country conditions sufficient to warrant reopening.'" Additionally, the BIA examined "[o]ther documents in the record, including an article discussing poor economic conditions in Albania, and a missile attack," and found that they did "not appear relevant to" Lanazi's claim that she would face persecution.

While Lanazi points to news articles and reports referring to the February 2007 elections and argues that they "changed the political landscape" and that "Socialists gained power," Pet'r's Br. at 21, the evidence indicates that the Democratic Party "became the biggest in the new legislature" and that the Democratic Prime Minister stated

4

that the election was the "best ever held in post-communist Albania." On this record, we cannot conclude that the BIA's factual determination is unsupported by substantial evidence, or that it abused its discretion in denying Lanazi's untimely motion to reopen. *See Jian Hui Shao v. Mukasey*, 546 F.3d at 169; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5